IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| STEFAN RONNELL EVANS, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| SHERIFF NEIL WARREN, | : | CIVIL ACTION NO. |
| et al., | : | 1:14-CV-3719-TWT-JFK |
|    Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

The matter is before the Court for screening under 28 U.S.C. § 1915A of the amended civil rights complaint [5] filed by Plaintiff Stefan Ronnell Evans, who is confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, and who previously was allowed to proceed *in forma pauperis*.

**I.  28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous when it "lacks an arguable basis either in law or in fact."  Bingham v. Thomas, 654 F.3d 1171,

1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Franklin v. Curry, 738 F.3d 1246, 1248 (11th Cir. 2013); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham, 654 F.3d at 1175. Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 759 (2014).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.  Discussion**

The Court previously ordered Plaintiff to amend and, among other things, provide the dates on which the alleged violations of his rights occurred. (Order of Dec. 17, 2014, at 1-2, ECF No. 4). In response to the Court's Order, Plaintiff brings his amended action against Sheriff Neil Warren, Officer Walk, Deputy Cailteux, Sgt. W. R. Bonner, Sgt. T. J. Meeks, Deputy Mack, Sgt. Kite, Officer Lunsford, Officer Cleveland, Officer Brennan, Sgt. Gibson, and Officer McBurnett, all associated with the Cobb County Detention Center. (Am. Compl. ¶ III, ECF No. 5). Plaintiff asserts

3

that on August 7, 2010, Walk, Meeks, and others beat him while he was strapped down in a restraint chair. (Id. ¶ IV). Plaintiff then asserts, without stating any date, that Jackson knocked his teeth out and Kite tasered him. Plaintiff concludes by stating that on April 24, 2011, Mack, Walk, and others attacked and beat him. (Id.).[1] Plaintiff seeks thirty million dollars in damages and seeks to have his record expunged. (Id. at ¶ V).

The alleged violations occurred on August 7, 2010, and April 24, 2011. Jackson's and Kite's actions are construed to have occurred sometime before April 24, 2011 – this is in light of Plaintiff's failure to provide any different date for their actions and Plaintiff's ordering of his claims. More than two years have passed since the events occurred, and this action is barred by the two-year statute of limitations that applies to a civil rights action filed within the state of Georgia. See Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008) (stating that § 1983 actions filed in Georgia are subject to a two-year limitations period). Accordingly, this action must be dismissed.

---

[1] Plaintiff's prison record shows that he was convicted of obstructing a law enforcement officer on August 7, 2010, and on April 24, 2011. See www.dcor.state.ga.us (follow "Find an Offender" hyperlink, GDC ID Number 897123) (last visited February 10, 2015).

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO ORDERED**, this 12th day of February, 2015.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE